

## U.S. Department of Justice

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Dorothy Manning Taylor*
*Assistant United States Attorney*
*Criminal Division*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, LA 70130*

*Telephone: (504) 680-3083*
*Fax: (504) 589-2027*

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   MAR 2 7 2012

LORETTA G. WHYTE
      CLERK
```

March   , 2012

Kyle D. Schonekas, Esq.
Joelle Evans, Esq.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
kyle@semmlaw.com

      Re: United States v. CTCO Shipyard of Louisiana, LLC
          Criminal Docket No.  12-139 "J" (1)

Dear Counsel:

      In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and CTCO Shipyard of Louisiana, LLC (hereinafter the "Company" or "defendant"), the defendant in the above-captioned proceeding. As defendant's counsel, you have reviewed the terms of this agreement and have been advised by the Company that the Company fully understands the terms of this agreement. The Company by resolution attached hereto has authorized the below representative to enter into this plea agreement on the Company's behalf. Additionally, the Company agrees to waive its right to grand jury indictment.

      The Government intends to file a one count felony Bill of Information charging the Company with violating Title 33, United States Code, Section 1319(c)(2)(A) for failing to submit Discharge Monitoring Reports as required under its permit. The Company understands that the maximum penalty it faces is a fine of up to $500,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

      It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the Company agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The parties are not aware of any restitution owed in this matter.

Further, the Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Title 18, United States Code Section 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and the Company, the Government and the Company agree and stipulate to the following plea and sentence applicable to this case:

(1) The Company shall plead guilty to the one count Bill of Information, charging the Company with violating Title 33, United States Code, Section 1319(c)(2)(A) by failing to submit Discharge Monitoring Reports as required under its permit, the details of which are more fully set forth in the mutually acceptable Joint Factual Basis submitted herewith;

(2) In exchange for the Company's guilty plea, the Government agrees that it will not bring any other charges against the Company, or against any other companion entity that operates out of the same office, their owners, members, directors, officers and employees, arising from or related to the operation of its facility located at Dularge Road, Houma, Louisiana, in the Eastern District of Louisiana, and known to the Government at the time of signing of the plea agreement, including the activities described in paragraph (1) and more specifically set forth in the Joint Factual Statement. Nevertheless, this Plea Agreement is only binding on the United States's Attorney's Office for the Eastern District of Louisiana and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability (including administrative sanctions) to any individual, legal entity, or the United States;

(3) The Company further agrees to pay a total criminal monetary penalty of Five Hundred Twenty-Five Thousand dollars ($525,000.00). Of the $525,000.00, the Company agrees that $150,000 shall be paid as an organizational community service payment to an organization to be designated by the government prior to sentencing pursuant to §8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). Because the community service payment is designated as community service by an organization, the Company agrees that it will not seek any reduction in its tax obligations as a result of these payments. In addition, since the payment constitutes community service, the Company will not characterize, publicize, or refer to the payment as a voluntary donation or contribution;

(4) The Company will be placed on organizational probation for a period of three (3) years from the date of sentencing;

(5) The Government agrees that $525,000 is an appropriate monetary penalty;.

(6) The Company agrees to pay the total monetary penalty in full on the day of sentencing;

(7) As set forth above, the Company must pay a special assessment of $400.00 on the day of sentencing. Failure to pay this special assessment may result in the plea agreement being void;

(8) The parties do not believe that restitution is applicable in this case.

The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, the Company has the right to withdraw the guilty plea.

Except as otherwise provided in this paragraph, the Company hereby expressly waives its rights to appeal from its conviction and/or its sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The Company further waives its right to contest its conviction and/or its sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the Company may bring a post conviction claim if the Company establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the Company reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The Company waives and gives up its right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of *coram nobis* and *audita querela*, and any other collateral challenges to his sentence of any kind; and

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and The Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, the Company understands that any discussions with the Company's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The Company understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

The stated $375,000 fine and the community service of $150,000 represent the total amount to be paid by the Company pursuant to the guilty plea and no other fine/restitution shall be applicable

3

in this case. The Company agrees that the fine and community service will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

The Company understands that the statements set forth above and the Joint Factual Statement to be filed in the record represent defendant's entire agreement with the Government and that there are no other agreements, letters or notations that will affect this agreement.

Sincerely,

JIM LETTEN
UNITED STATES ATTORNEY

_____  3/27/12
Dorothy M. Taylor
Assistant United States Attorney


CTCO Shipyard of Louisiana, LLC

By: _____          3-27-12
    Andre C. Broussard, Jr.,           Date
    Representative for defendant

_____              3/27/12
Joelle Evans, Esq.                    Date
Attorney for Defendant